UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JIAN QI,

               Plaintiff,

     v.

JD PRODUCE MASPETH LLC, *et al.*,

               Defendants.
-------------------------------------------------------------------X

**DECISION AND ORDER**
21-CV-3211 (WFK) (TAM)

**WILLIAM F. KUNTZ, II, United States District Judge:**

WHEREAS on November 20, 2025, this Court scheduled trial of this matter to begin on June 15, 2026 at 9:30 AM. *See* ECF No. 76; and

WHEREAS on April 16, 2026, this Court scheduled a pretrial conference for April 20, 2026, at 12:00 PM. *See* ECF No. 77; and

WHEREAS notice of the Court's Orders at ECF Nos. 76 and 77 was served on counsel for all Defendants JD Produce Maspeth LLC ("the LLC"), JD Trucking Maspeth Inc ("the Corporation"), Sheng Bo Dong ("S. Dong"), Yifeng Ye ("Ye"), and Jessica Dong ("J. Dong") through counsel *via* the CM/ECF system pursuant to Rules 5(b)(1) and 5(b)(2)(E) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(b)(1), 5(b)(2)(E); and

WHEREAS the LLC, the Corporation, S. Dong, J. Dong, and Ye are represented by Jon Alec Stockman of the Law Office of Jon A. Stockman, Peter E. Sverd of the Law Offices of Peter Sverd, PLLC, and Yimin Chen of the Law Offices of Chen & Associates, P.C. *See* ECF Nos. 49, 50, 53; and

WHEREAS Ms. Chen, Mr. Stockman, and Mr. Sverd substituted as counsel for the LLC, the Corporation, S. Dong, J. Dong, and Ye on June 25, 2024 for Jian Hang and Ge Qu of Hang & Associates, PLLC—but despite the substitution, Mr. Hang and Mr. Qu remain listed as counsel of record in this matter. *See* ECF No. 49; Order (June 25, 2024); and

1

WHEREAS none of Ms. Chen, Mr. Stockman, Mr. Sverd, Mr. Hang, and Mr. Qu appeared at the April 20, 2026 conference; and

WHEREAS none of the Corporation, S. Dong, J. Dong, and Ye appeared at the April 20, 2026 conference, through counsel or otherwise; and

WHEREAS the LLC attempted to appear at the April 20, 2026 conference through counsel "Li Weng;" but

WHEREAS Ms. Weng is not a member of the Bar of this Court; had not as of April 20, 2026 submitted an application to be admitted to the Bar of this Court;[2] had not as of April 20, 2026 moved to appear *pro hac vice* in this matter; had not filed a notice of appearance prior to the April 20, 2026 conference; arrived late to the April 20, 2026 conference; admitted to having been hired by Chen & Associates the week before the April 20, 2026 conference; and appeared unfamiliar with the case and unprepared to participate in a pretrial conference; and

WHEREAS an entity such as a corporation or LLC may only appear in this court through counsel admitted to practice in this Court; and

WHEREAS all Defendants were on notice from at least April 1, 2024 that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) [of the Federal Rules of Civil Procedure], if a party or its attorney… fails to obey a scheduling or other pretrial order." Order (Apr. 1, 2024) (quoting Fed. R. Civ. P. 16(f)); therefore it is

---

[2] Despite initially representing to the Court that she had done so—on *voir dire* by the Court it became apparent that her application was incomplete, lacked at least one certificate of good standing, and had not been submitted.

ORDERED, ADJUDGED, and DECREED that the Clerk of the Court enter the defaults of all Defendants: JD Produce Maspeth LLC, JD Trucking Maspeth Inc, Sheng Bo Dong, Yifeng Ye, and Jessica Dong pursuant to Rules 37(b)(2)(a)(vi) and 55(a) of the Federal Rules of Civil Procedure for failure to obey a scheduling or pretrial order and failure defend this action; and it is further

ORDERED, ADJUDGED, and DECREED that Plaintiff Jian Qi has a default judgment as to liability as to all Defendants: JD Produce Maspeth LLC, JD Trucking Maspeth Inc, Sheng Bo Dong, Yifeng Ye, and Jessica Dong; and it is further

ORDERED, ADJUDGED, and DECREED that Plaintiff Jian Qi shall move this Court for: entry of judgment as to damages or for an inquest as to the amount of damages pursuant to Rule 55(b) of the Federal Rules of Civil Procedure; and for an award of reasonable attorney fees, costs, and expenses pursuant to Rule 54 of the Federal Rules of Civil Procedure, 29 U.S.C. § 216(b) (the Fair Labor Standards Act), and New York Labor Law §§ 198 and 663, on or before that date which is fourteen days after the entry of this Order.

The Clerk of Court is respectfully directed to enter the judgment.

SO ORDERED.

**s/WFK**

HON. WILLIAM F. KUNTZ, II,
UNITED STATES DISTRICT JUDGE

Dated: April 22, 2026
      Brooklyn, New York

3